**Bosse J. KOUABO Plaintiff**

v.

**CHEVY CHASE BANK, F.S.B., et al. Defendants**

**Civil No. PJM 03–1060.**

United States District Court, D. Maryland.

Aug. 16, 2004.

---

Bosse J. Kouabo, Pro Se, for Plaintiffs.

John S. Simcox, Ronald Matthew Bolt, Annapolis, MD, Irwin Raphael Kramer, James M. Connolly, Owings Mills, MD, for Defendants.

## OPINION

MESSITTE, District Judge.

### I.

Bosse J. Kouabo, *pro se*, has sued Chevy Chase Bank, F.S.B. ("Chevy Chase"), Steven Peroutka, Esq. and Peroutka & Peroutka, P.A. (collectively the "Peroutka Defendants"), for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count I), the Maryland Consumer Debt Collection Act ("MCDCA"), Md.Code Ann., Commercial Law, § 14–201, *et seq.* (2000 Repl.Vol.) (Count II), common law defamation (Count III), and malicious use of process (Count IV).[1] The Court has already granted Chevy Chase's Motion for Summary Judgment on the defamation and malicious use of process counts and the Motion to Dismiss filed by the Peroutka Defendants as to the same counts. Defendants have now filed Motions for Summary Judgment as to the remaining counts. No hearing is nec-

---

1. Kouabo began this suit in the Prince George's County Circuit Court against Chevy Chase only. After retaining an attorney who later withdrew, Kouabo amended his Complaint to add the Peroutka Defendants. Chevy Chase and the Peroutka Defendants thereafter removed the case to this Court. In proceedings before this Court, Chevy Chase and the Peroutka Defendants were granted leave to file cross-claims for indemnification and contribution against each other.

essary to dispose of the matter. Local R. 105.6 (D.Md.1999). Having considered the pleadings, the Court will GRANT IN PART and DENY IN PART both Motions for Summary Judgment.

## II.

The case arises out of a lawsuit that Chevy Chase brought against Kouabo in August 1998 in the District Court for Prince George's County. With the Peroutka Defendants acting as counsel, Chevy Chase alleged that Kouabo had accrued a $2,739.13 unpaid balance on his Chevy Chase platinum credit card. In August 1999, to settle the lawsuit, Kouabo agreed to pay a total of $1,500 in monthly installments of $50 each. While the case was captioned "Chevy Chase v. Kouabo" when the case was initiated, Chevy Chase claims that in fact the Peroutka Defendants were acting as agents of Pasadena Receivables, not Chevy Chase, when they entered into the settlement agreement.[2] Without, however, indicating that Pasadena Receivables had been substituted for Chevy Chase, notice of the settlement was filed with the Prince George's County District Court, and between September 1999 and February 2002, Kouabo sent regular monthly payments of $50 to Chevy Chase in Delaware.[3]

In March 2000, the Peroutka Defendants, unaware that Kouabo had been paying Chevy Chase, filed a Motion for Judgment against him in the Prince George's County docket, alleging that he was not making his payments pursuant to the settlement agreement. The Peroutka Defendants contend they were filing on behalf of Pasadena Receivables, as opposed to Chevy Chase. Kouabo did not respond to the Motion, and on March 21, 2000, the court entered judgment against him in the amount of $1,500. The captions on the Motion for Judgment and the Prince George's County District Court's judgment worksheet, although not the caption of the case, indicate that the Motion for Judgment was filed and judgment entered on behalf of "Pasadena Receivables."

Kouabo got wind of the error soon after and, at his behest, on June 7, 2000, the judgment against him was vacated. Nonetheless, according to his Complaint in the present case, by that time the judgment had already appeared on his credit report, which had a negative effect on his credit rating. He contends that, as a result, his homeowner's insurance policy was not renewed, obliging him to obtain homeowner's insurance from a new source. He also contends that he was denied credit from other lending institutions.

Since the hearing on Defendants' Motions relating to the defamation and abuse of process counts, the parties have pursued and completed discovery. Their Motions for Summary Judgment as to the remaining statutory causes of action are now ripe for decision.

## III.

Defendants argue that Kouabo's FDCPA claim is barred by the Act's one-

---

**2.** On September 30, 1998, Chevy Chase sold its credit card operations to First USA Bank, N.A. On January 9, 1999, Pasadena Receivables, Inc. purchased Kouabo's credit card account. It does not appear from the record that Kouabo was ever advised of either sale.

**3.** Kouabo has submitted photocopies of checks he sent to Chevy Chase between September 1999 and February 2002 as payment toward the balance. The payee on each check is "Chevy Chase Bank." Each check indicates some negotiation by Chevy Chase, although Chevy Chase claims the checks were ultimately "deposited by a third party," presumably intending to suggest that this put Kouabo on notice that some entity other than Chevy Chase was the ultimate payee of the check.

year statute of limitations, since he filed it approximately three years after the Prince George's County District Court judgment against him was entered. They also argue that they are entitled to judgment as a matter of law on the MCDCA claim because he cannot show that they attempted to enforce a right with knowledge that the right did not exist. Finally, Defendants argue that Kouabo's claim for damages is purely speculative and in consequence not recoverable under Maryland law. The Peroutka Defendants note that they never reported Kouabo's account to a credit reporting agency and that the Underwriting Action Notice from Kouabo's homeowner's insurance carrier (cited by Kouabo as proof of his damages) provides no information about what portion of his credit history caused the carrier to decline to renew his policy.

Chevy Chase makes four additional arguments. First, it claims that the FDCPA and the MCDCA do not apply because the Peroutka Defendants were not attempting to collect a debt arising out of a consumer transaction, but were instead seeking enforcement of a compromise agreement. Second, it argues that even if the Peroutka Defendants were attempting to collect a debt, they were not acting on behalf of Chevy Chase, since Chevy Chase had sold Kouabo's account before the Motion for Judgment was filed. Third, it argues that Kouabo waived any right to claim damages resulting from the Motion for Judgment when he failed to oppose it. Finally, Chevy Chase argues that it cannot be held liable for the acts of an independent contractor where no facts have been adduced demonstrating that the Peroutka Defendants acted as its agent on the basis of express or implied authority.

In his brief Response to the Motions for Summary Judgment, Kouabo re-states the allegations made in his Complaint and argues that the Peroutka Defendants knew or should have known that the judgment entered against him would be reported on his credit report. He has submitted an affidavit stating that he did not know of and was given no notice of the Motion for Judgment before judgment was entered against him in Prince George's County District Court. He also avers that Chevy Chase never moved to substitute another company as the plaintiff in the Prince George's County District Court matter.

In their Reply, the Peroutka Defendants note that Kouabo does not dispute that the FDCPA claim is barred by the statute of limitations. They also urge that Kouabo has still not set forth any evidence showing that they knowingly violated the MCDCA or that he has suffered any concrete damage. In its Reply, Chevy Chase states that Kouabo has failed to show either that it (as opposed to Pasadena Receivables) sought to obtain the judgment against him or that the judgment caused him any concrete damage.

IV.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56; *see also Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material issue of fact. *Id.* at 323, 106 S.Ct. 2548. Once the moving party satisfies this initial burden, the non-moving party "may not rest upon his allegations," but must present evidence demonstrating the existence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court is obliged

to view the facts and inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *Pro se* complaints are to be held to less stringent standards than pleadings drafted by attorneys and must be read liberally. *White v. White*, 886 F.2d 721, 722–723 (4th Cir.1989). Notwithstanding this liberal standard, a *pro se* party's bold assertion completely unsupported by evidence is not sufficient to overcome a motion for summary judgment. *Lee v. Coughlin*, 902 F.Supp. 424, 429 (S.D.N.Y.1995).

## V.

■ Both Chevy Chase and the Peroutka Defendants argue that Kouabo's FDCPA claim (Count I) is barred by limitations. The Court agrees that under the FDCPA a private action brought must be brought within one year from the date on which the violation occurred. 15 U.S.C. § 1692k(d). Here, at the very latest, the violation-wrongful entry of the judgment-occurred on March 21, 2000. Kouabo did not sue on his FDCPA claim until March 10, 2003, nearly three years later. His FDCPA claim is, accordingly, time-barred. Defendant's Motions for Summary Judgment will be GRANTED as to this claim.

The Court turns to Kouabo's MCDCA claim.[4] Section 14–202 of the MCDCA states that "[i]n collecting or attempting to collect alleged debt, a collector may not . . . (8) claim, attempt, or threaten to enforce a right *with knowledge* that the right does not exist." Md.Code Ann., Comm. Law § 14–202(8) [Emphasis Added]. This has been held to mean that a party may not attempt to enforce a right with actual knowledge or with reckless disregard as to

the falsity of the existence of the right. *Spencer v. Hendersen–Webb, Inc.*, 81 F.Supp.2d 582 (D.Md.1999) (holding that the "knowledge" required by § 14–202 of the MCDCA refers to actual knowledge or reckless disregard as to the falsity of the information or the existence of the right).

Is there evidence that Chevy Chase or the Peroutka Defendants had actual or constructive knowledge that they had no right to attempt to enforce the $1,500 settlement agreement against Kouabo?

It is undisputed that Kouabo was current in his payments when the Peroutka Defendants filed the Motion for Judgment in the Prince George's County case. Chevy Chase had actual knowledge that Kouabo's payments were current because it had been the payee of each of his monthly payments. Chevy Chase also continued to be the named Plaintiff in the Prince George's case in which the Peroutka Defendants were counsel of record. There is no indication that Chevy Chase ever expressly advised Kouabo that it had sold his account to a third party or that it sought to substitute such third party as Plaintiff in the Prince George's suit, be it First USA or Pasadena Receivables. Additionally, there is no indication that Chevy Chase ever advised the Peroutka Defendants that Kouabo was making regular payments to Chevy Chase or, on the other hand, that the Peroutka Defendants ever undertook to verify with Chevy Chase whether payments were being made. Similarly, there is no evidence that the Peroutka Defendants ever sought to determine whether Kouabo had been advised by Chevy Chase of its sale of his account to First USA or Pasadena Receivables. And although Chevy Chase says the cancelled checks show not only negotiation by it but

---

4. The statute of limitations for filing an MCDCA claim is three years. Md.Code Ann., Courts and Judicial Proceedings Article, § 5–

101 (2000). Accordingly, there is no limitations problem as to this claim.

also by a third party, it is at best questionable whether that amounted to notice to Kouabo of a sale of the account.

It may well be that Chevy Chase did not actually authorize the Peroutka Defendants to file the Motion for Judgment in the Prince George's case and that the Peroutka Defendants did not have actual knowledge that Kouabo was current on his payments to Chevy Chase. Nevertheless, Chevy Chase had actual knowledge that Kouabo was current in his payments, and Chevy Chase has not shown that it ever told Kouabo he should be paying his account to an entity other than Chevy Chase. Chevy Chase remained the named Plaintiff in the Prince George's County suit and the Peroutka Defendants remained its counsel of record. At a minimum, it is arguable that the Peroutka Defendants had implied authority to go forward in the Prince George's County suit which still bore Chevy Chase's name, and, if that is so, then as a principal with actual knowledge that it had no right to seek enforcement of its settlement agreement, Chevy Chase may well be held in under the MCDCA.[5] At the same time, the failure of Chevy Chase to advise either Kouabo of the sale of his account or the Peroutka Defendants and Pasadena Receivables of the currency of Kouabo's payments arguably demonstrates reckless disregard on the part of Chevy Chase as to the falsity of the claim (i.e., that Kouabo was in default)

that the Peroutka Defendants pursued in its name.[6]

As for the Peroutka Defendants, it is clear that in their individual capacity, they did not have actual knowledge that they had no right to seek enforcement of the Chevy Chase settlement agreement. Nevertheless, the Peroutka Defendants seem to have acted out of the blue in filing suit against Kouabo-never checking with Chevy Chase as to the status of Kouabo's payments and never checking with either Chevy Chase or Pasadena Receivables as to whether Kouabo had been advised of the sale of his account. While the Peroutka Defendants may have been acting based on information from Pasadena, that cannot insulate them from potential liability. As the record stands, a trier of fact could find that any reliance on what Pasadena might have said was unreasonable.

As for Defendants' arguments that Kouabo's claimed damages are speculative, the Court is satisfied, particularly based on the Underwriting Action Notice, that if appropriate witnesses are called at trial, he will be able to establish some nexus between the cancellation of his homeowner's insurance, on the one hand, and the filing of the Motion for Judgment in the Prince George's suit, on the other. He may also be able to establish a link between his other denials of credit and the improper entry of judgment against him. The extent of those damages, of course,

---

5. A principal may be bound by a former agent's acts where a third person did not know, and had no reason to know, that the former agent's authority had terminated. *Doeller v. Mortgage Guarantee Co.*, 166 Md. 500, 171 A. 856 (1934).

6. The fact that the Peroutka Defendants may also have been acting on behalf of Pasadena Receivables when they filed the Motion for Judgment does not diminish the potential liability of Chevy Chase as the principal of an agent acting with implied authority. Insofar

as Chevy Chase neglected to advise either Pasadena or the Peroutka Defendants that Kouabo was up to date in his payments or Kouabo of the sale of his account and insofar as it never formally withdrew as Plaintiff in the Prince George's County suit, Chevy Chase may be equitably estopped to deny that it caused the Motion for Judgment to be entered. *See Hohman v. Hohman*, 164 Md. 594, 165 A. 812 (1933) (estoppel may be asserted against a person whose negligence was the proximate cause of loss to another).

remains an open question; they may be nominal, or they may be more substantial.

In any case, the Court DENIES Defendants' Motions for Summary Judgment with regard to the MCDCA count.

## VI.

Summing up, Court GRANTS IN PART and DENIES IN PART the Motions for Summary Judgment. It is GRANTED as to Count I (FDCPA claim) and DENIED as to Count II (MCDCA claim).